**In re GRAND JURY PROCEEDINGS.**

**Civ. A. No. 92–113 LON.**

United States District Court,
D. Delaware.

March 6, 1992.

**1174**

See also 806 F.Supp. 1176.

William C. Carpenter, Jr., Kent A. Jordan, U.S. Attorney's Office, Wilmington, Del., for petitioner.

Thomas P. Preston, Duane, Morris & Heckscher, Wilmington, Del., for respondents.

David L. Finger, Richards, Layton & Finger, Wilmington, Del., for movant.

## ORDER

LONGOBARDI, Chief Judge.

The Court is prepared to file its opinion on the Government's motion to disqualify counsel, Docket Item ("D.I.") 1. The Government and Duane, Morris and Hecksher ("the Firm") have orally requested that the opinion be sealed. Gannett Co., Inc. has filed a motion to intervene, D.I. 7, as well as a motion to unseal the record, D.I. 8.

Accordingly, the Court held a hearing on Wednesday, March 4, 1992 pursuant to the Third Circuit's decisions in *In re Capitol Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89 (3d Cir.1990) and *United States v. Raffoul*, 826 F.2d 218 (3d Cir.1987). The purpose of the hearing was to give interested parties an opportunity to object and/or present their views regarding the sealing of the Court's opinion. Another hearing will be scheduled addressing the need for the sealing of other portions of the record. This Order supplements the Court's bench ruling on March 4, 1992, as well as corrects any technical and grammatical inaccuracies in the Court's extemporaneous opinion.

At the outset, the Court concludes that the instant matter is not solely a grand jury matter. Although the underlying matter is a grand jury proceeding, the instant issue arises from a related civil matter. Therefore, Federal Rule of Criminal Procedure 6 which deals with grand jury proceedings is not entirely dispositive of the issue.

The Third Circuit has recognized a common law right of access to judicial records and documents. *See United States v. Martin*, 746 F.2d 964 (3d Cir.1984). In *United States v. Criden*, 648 F.2d 814, 818 (3d Cir.1981), the Third Circuit held that when deciding whether the right of access should be curtailed courts must balance the common law right against factors militating against access.

In addition to the common law right of access, the Third Circuit has stated that the First Amendment protects the public's right of access to the records of civil proceedings. *Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059 (3d Cir.1984). Under the First Amendment, the right of access may be overcome by showing that continued secrecy is "necessitated by a compelling government interest and is narrowly tailored to serve that interest." *United States v. Smith*, 776 F.2d 1104, 1112 (3d Cir.1985) (citing *Press–Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984)).

The Third Circuit has explained that the application of a presumption in favor of access in civil cases is appropriate because,

[t]he public's exercise of its common law access right in civil cases promotes pub-

lic confidence in the judicial system.... As with other branches of government, the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 660 (3d Cir.1991) (citing *Littlejohn v. BIC Corp.,* 851 F.2d 673, 678 (3d Cir.1988)).

■ The Third Circuit has applied the presumption of public access to a variety of civil hearings and records, including the transcript of a civil trial and exhibits admitted at trial, settlement documents filed with the district court, as well as post-settlement motions, and a civil hearing for a preliminary injunction and transcripts of that hearing. *Id.* at 660–61. Further, the presumption applies to motions filed in civil court proceedings. *Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.,* 800 F.2d 339, 342 (3d Cir. 1986); *see Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 660 (3d Cir.1991).

The Court, therefore, recognizes the applicability of a presumption of access in the instant matter. Such applicability is not wholly dispositive of the issue before it. The Court must also examine the factors militating against access. *See Bank of America,* 800 F.2d at 344.

■ The Court views the common law standard as subsumed by the more rigorous First Amendment standard and thus shall apply the First Amendment standard to the instant case. Therefore, the proponents of sealing the transcript of the ruling, *i.e.,* the Government and the Firm, bear the burden of showing a compelling governmental interest in keeping the transcript sealed, as well as the burden of showing the absence or unworkability of less restrictive alternatives.

The Court concludes that the Firm has not made a particularized showing of harm sufficient to rebut the presumption of access. The Government, however, has identified a compelling government interest, *i.e.* the ongoing nature of the grand jury proceedings and the concomitant need for secrecy. The United States Supreme Court has "consistently ... recognized that the proper functioning of our grand jury system depends upon the secrecy of the grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979). The Supreme Court has noted several distinct interests served by such secrecy:

> First, if preindictment proceedings were made public many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Id.* at 219, 99 S.Ct. at 1673. Several of these interests are implicated by the material the Government seeks to keep under seal. Also implicated is the protection of the privacy rights of individuals identified in this material. The Third Circuit has acknowledged that the reputational interests of third parties may rise to the level of a compelling governmental interest. *Smith,* 776 F.2d at 1112. Additionally, the Third Circuit has recognized that the need for secrecy regarding substantive grand jury matters may outweigh the important considerations favoring open judicial proceedings. *See In re Grand Jury Matter,* 906 F.2d 78, 86–87 (3d Cir.), *cert. denied sub nom. Backiel v. United States,* —— U.S. ——, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990).

But, the Government's request to seal the entire opinion may be too broad, and the Court finds that redaction could be narrowly tailored to meet the Government's need for secrecy in this matter and at the same time satisfy the public interest in the Court's opinion and in particular the matter that has already been revealed.

Specifically, the Court finds:

1.) The Government has identified a compelling government interest, *i.e.*, its interest in the secrecy of the ongoing grand jury proceedings and the protection of named individuals' privacy rights and reputational interests.

2.) There are matters referred to in the opinion that are not presently public knowledge.

3.) There is a substantial probability that disclosure of this material would result in grave injury to individual privacy and reputational interests, as well as severely undermine the Government's ongoing investigation and grand jury proceedings.

4.) Redaction of the opinion will be narrowly tailored to meet the Government's interest and that proposal is workable under the present circumstances.

5.) There is no less restrictive alternative. This could be subject to further order of the Court.

Therefore, the Court concludes that a redacted version of the opinion shall be made available for public inspection. This decision advances both the Government's interest in its ongoing grand jury proceedings and the substantial interests of the public.

NOW THEREFORE IT IS ORDERED THAT:

1. Gannett's motion to intervene, D.I. 7, is hereby granted.

2. The Government's application to seal the entire opinion is hereby denied.

3. Duane, Morris, and Heckscher's application to seal the entire opinion is hereby denied.

4. A redacted version of the opinion will be made public. Those portions made public will refer to matters already in the public domain, made so by Mr. Justice, Mr. Weiss or indirectly by the United States Attorney.

5. A hearing on the balance of Gannett, Inc.'s motion will be held on Thursday, March 12, 1992 at 11:30 a.m. in Courtroom 2.

6. The Government and Duane, Morris and Heckscher may file letter memoranda in support of their position, not to exceed ten (10) pages, by 5:00 p.m. on Friday, March 6, 1992. Answering letter memorandum, not to exceed ten (10) pages, shall be filed by 5:00 p.m. on Tuesday, March 10, 1992. Rebuttal memoranda, not to exceed five (5) pages, shall be filed by 12 noon on Wednesday, March 11, 1992.